## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|

RECEIVED
IN CLERK'S OFF

| Name (Under which you were convicted): DEANGELO MONTEZ MOODY | Docket or Case No: NOV 1 5 2017 |
|---|---|

| Place of Confinement: Riverbend Maximum Security Institution | Prisoner No: 491480 U.S. DISTRICT CO MID. DIST. TENN |
|---|---|

Petitioner (Include the name under which you were convicted )  Respondent (authorized person having custody of petitioner)

**DEANGELO MOODY**  v.  **BRUCE WESTBROOKS**

The Attorney General of the State of TENNESSEE

## PETITION

1. (a)  Name and location of court that entered the judgment of conviction you are challenging:

   Davidson County Criminal Court, Nashville, Tennessee

   (b)  Criminal docket or case number (if you know): __No.2009–D–3252__

2. (a)  Date of the judgment of conviction (if you know): _____

   (b)  Date of sentencing: _____

3. Length of sentence: ___ Life with the possibility of parole after service of 85% of 60 years.

4. In this case, were you convicted on more than one count or of more than one crime?

   Yes ☐  No ☒

5. Identify all the crimes of which you were convicted and sentenced in this case: _____

   **First Degree Murder**

6. (a)  What was your plea? (Check one)

   (1)  Not guilty ☒  (3)  Nolo contendere (no contest) ☐

   (2)  Guilty ☐  (4)  Insanity plea ☐

   (b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __**NOT APPLICABLE**__

   (c)  If you went to trial, what kind of a trial did you have? (Check one)

   Jury ☒  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   Yes ☐  No ☒

8.     Did you appeal from the judgment of conviction?

        Yes   ☒     No   ☐

9.     If you did appeal, answer the following:

     (a)     Name of Court: ___ TENNESSEE COURT OF CRIMINAL APPEALS ___

     (b)     Docket or case number (if you know): ___ No. M2011–01930–CCA–R3–CD ___

     (c)     Result: _____ APPEAL DENIED _____

     (d)     Date of result (if you know): _____ May 9, 2013 _____

     (e)     Citation to the case (if you know): ___ St. v. Moody, 2013 WL 1932718 ___

     (f)     Grounds raised: ___ The evidence was not sufficient to convict the petitioner of first degree murder. ___

     (g)     Did you seek further review by a higher state court?

         Yes   ☒     No   ☐

         If yes, answer the following:

         (1)     Name of court: _____ Tennessee Supreme Court _____

         (2)     Docket or Case number (if you know): __ Same as Above __

         (3)     Result: _____ Review Denied _____

         (4)     Date of Result (if you know): __ 17 October 2013 __

         (5)     Citation to the case (if you know): __ Same as Above __

         (6)     Grounds raised: _____ Same as Above _____

     (h)     Did you file a petition for certiorari in the United States Supreme Court?

         Yes   ☐     No   ☒

         If yes, answer the following:

         (1)     Docket or case number (if you know): ___ NOT APPLICABLE ___

         (2)     Result: _____ NOT APPLICABLE _____

         (3)     Date of result (if you know): _____ NOT APPLICABLE _____

         (4)     Citation to the case (if you know): _____ NOT APPLICABLE _____

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any other state court?

        Yes   ☒     No   ☐

11.     If your answer to Question 10 was "Yes," give the following information:

     (a)   (1)     Name of court: _ Criminal Court of Davidson County _

         (2)     Docket or case number (if you know): ___ 2009-D-3252 ___

         (3)     Date of filing (if you know): _____ 15 April 2014 _____

(4)     Nature of the proceeding:     <u>Post conviction Relief</u>

(5)     Grounds raised: _

**Ground One:** Grand Jury was contaminated by "field trips" and "educational lectures" by the Police Department, Special Tactics Squads (Gang, Vice, and others) and improper actions by the District Attorneys Office, which results in all of the indictments returned by these tainted grand juries being invalid.

**Ground Two: Ineffective Assistance of Counsel.** Counsel was ineffective when: 1.) counsel failed to prepare for trial, to specifically include preparing for the cross examination of the witnesses; to file necessary pre-trial motions (bond reduction, severance, testing of the bullet to determine its caliber, whether it matched the 9mm in custody, etc.), and to investigate, 2.) failed to move to sever Moody from trial with a defendant who had been arrested in possession of what was arguably the murder weapon, when no other evidence whatsoever existed other than the testimony of a person who can reasonably be argued to be the actual shooter (it is in the record that the person who testified is actually the only person who had a documented 'beef' with the target of the shooting); 3.) failed to move for dismissal of all charges when the jury acquitted Moody of the gun charge; and 4.) failed to raise the unconstitutionality of the sentence of life with parole eligibility after the service of 52 calendar years, in violation of the United States Supreme Court line of cases culminating in *Graham/Miller*.

**Ground Three: Judicial Error: The Court failed to act as thirteenth juror.**
            The Trial Court erred when he failed to acquit on all charges when the jury returned a verdict of not guilty of the gun charge.
            The Court, when ruling on whether or not there was enough evidence to corroborate the accomplices testimony that Mr. Moody was involved, specifically stated that the question for the jury was whether they could place the .45 in Mr. Moody's hands. If they could, then that would sufficiently corroborate the testimony of the accomplice. (TT, Vol. III, Pgs. 269-271).
            When the jury acquitted Mr. Moody of employing a firearm (TT. Vol. III, pg. 456), they essentially removed the only element of corroboration of the accomplices testimony, and the Court should have, *sua sponte*, and in his capacity as the thirteenth juror, dismissed the conviction returned by the jury against Mr. Moody.

**Ground Four: Judge erred in disallowing petitioner to retain counsel of choice.**
            On several occasions Mr. Moody attempted to hire counsel to represent him because he was unhappy with the representation of Mark Kovach, and the court would not replace Kovach even in light of Moody's complaints. The Court refused to allow Mr. Moody to substitute counsel. Moody argues that this refusal resulted in his conviction of first degree murder when there was insufficient evidence to support such a conviction; and violated his right to counsel under the Sixth Amendment.

**5.) Sentence is unconstitutional under United States Supreme Court decisions in the line of cases culminating in *Graham/Miller*.**

At the time this offense occurred, Mr. Moody was sixteen (16) years old. Under the United States Supreme Court cases of *Graham v. Florida*, 130 S.Ct. 2011, (July 6, 2010), and *Miller v. Alabama*, --- S.Ct. ----, 2012 WL 2368659 (U.S.Ala.); Moody argues that sentencing him to life with the possibility of parole only after the service of 85% of sixty (60) years is equivalent to a life without parole sentence, in every aspect except the wording of the sentence. It's practical application results in a sentence to die in prison, and it is this sentence that violates the spirit of *Graham* and *Miller*.

    (6)    Did you receive a hearing where evidence was given on your petition, application, or motion?

            Yes    ☒    No    ☐

    (7)    Result: _____ The Trial Court GRANTED RELIEF in the form of a NEW TRIAL based upon appointed counsels ineffective assistance. _____

    (8)    Date of result (if you know): _____ UNKNOWN AT THIS TIME _____

(b)    If you filed any second petition, application, or motion, give the same information:

    (1)    Name of court: _____ NOT APPLICABLE _____

    (2)    Docket or case number (if you know): ___ NOT APPLICABLE ___

    (3)    Date of filing (if you know): _____ NOT APPLICABLE _____

    (4)    Nature of the proceeding: _____ NOT APPLICABLE _____

    (5)    Grounds raised: _____ NOT APPLICABLE _____

    (6)    Did you receive a hearing when evidence was given on your petition, application or motion? NOT APPLICABLE

            Yes    ☐    No    ☐

    (7)    Result: _____ NOT APPLICABLE _____

    (8)    Date of Result (if you know): _____ NOT APPLICABLE _____

(c)    If you filed any third petition, application, or motion, give the same information:

    (1)    Name of court: _____ NOT APPLICABLE _____

    (2)    Docket or case number (if you know): ___ NOT APPLICABLE ___

    (3)    Date of filing (if you know): _____ NOT APPLICABLE _____

    (4)    Nature of the proceeding: _____ NOT APPLICABLE _____

    (5)    Grounds raised: _____ NOT APPLICABLE _____

    (6)    Did you receive a hearing when evidence was given on your petition, application or motion? NOT APPLICABLE

            Yes    ☐    No    ☐

    (7)    Result: _____ NOT APPLICABLE _____

(8)   Date of Result (if you know): _____ NOT APPLICABLE _____

(d)   Did you appeal to the highest state court having jurisdiction over the action on your petition, application, or motion?

(1)   First petition:   Yes   ☒   No   ☐

(2)   Second petition: Yes   ☐   No   ☐   NOT APPLICABLE

(3)   Third petition:  Yes   ☐   No   ☐   NOT APPLICABLE

(e)   If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____ NOT APPLICABLE _____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

　　　<u>Caution: To proceed to the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.</u>
　　　<u>Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND One:** ___The petitioner challenges the sufficiency of the evidence to support the___ ___jury verdict of Guilty of Felony Murder beyond a Reasonable Doubt.___

(a) **Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

There is not a single piece of reliable, independent evidence that corroborates the so called accomplice's testimony. Without his testimony, there is not one single thing that connects Mr. Moody to this unfortunate accidental killing.

The petitioner goes into depth in the accompanying brief, but the above summarizes the argument, there is not a single piece of reliable, independent evidence that corroborates the so called accomplice's testimony, while there is an abundance of evidence that the so-called accomplice was in fact the actual shooter, not just on this occasion, but on at least one other occasion attempting to kill the same alleged target.

(b) If you did not exhaust your state remedies on Ground One, explain why:

This issue was presented on direct appeal, and to the Tennessee Supreme Court on an Application for Review under TRAP 11. This issue is fully exhausted.

(c) **Direct appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____ _____**NOT APPLICABLE**_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐  No ☒

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____**NOT APPLICABLE**_____

Name and location of the court where the motion or petition was filed: _____ _____**NOT APPLICABLE**_____

Docket or case number (if you know): ___**NOT APPLICABLE**___

Date of the court's decision: _____**NOT APPLICABLE**_____

Result (attach a copy of the court's opinion or order, if available): _____ _____**NOT APPLICABLE**_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☐  **NOT APPLICABLE**

(4)    Did you appeal from the denial of your motion or petition?

        Yes  ☐    No  ☐    **NOT APPLICABLE**

(5)    If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes  ☐    No  ☐    **NOT APPLICABLE**

(6)    If your answer to Question (d)(4) is "Yes," state:  **NOT APPLICABLE**

Name and location of the court where the appeal was filed: _____

_____**NOT APPLICABLE**_____

Docket or case number (if you know):___**NOT APPLICABLE**_____

Date of the court's decision: _____**NOT APPLICABLE**_____

Result (attach a copy of the court's opinion or order, if available): _____

_____**NOT APPLICABLE**_____

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did

not raise this issue: _____ This issue was raised, argued and presented to the

Tennessee Supreme Court on Direct Appeal._____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____**NOT APPLICABLE**_____

**GROUND Two:** _____ Counsel was ineffective when: 1.) counsel failed to prepare for trial, to specifically include preparing for the cross examination of the witnesses; to file necessary pre-trial motions (bond reduction, severance, testing of the bullet to determine its caliber, whether it matched the 9mm in custody, etc.), and to investigate, 2.) failed to move to sever Moody from trial with a defendant who had been arrested in possession of what was arguably the murder weapon, when no other evidence whatsoever existed other than the testimony of a person who can reasonably be argued to be the actual shooter (it is in the record that the person who testified is actually the only person who had a documented 'beef' with the target of the shooting); 3.) failed to move for dismissal of all charges when the jury acquitted Moody of the gun charge; and 4.) failed to raise the unconstitutionality of the sentence of life with parole eligibility after the service of 52 calendar years, in violation of the United States Supreme Court line of cases culminating in _Graham/Miller_.

Petitioner's appointed post conviction counsel failed to carry forward all of the above grounds at the post conviction hearing, and dropped all grounds on appeal other than the one the Court granted relief on, and the State appealed.

This waiver of the above issues comes under the line of _Martinez v. Ryan_, _Trevino v. Thaler_, and _Sutton v. Carpenter_, thus the issues should be preserved and reviewed by this Court.

Petitioner repeatedly wrote to counsel and expressed his fears that counsel was not going to preserve all the issues that were raised in the post conviction petition, and presented and argued at the post conviction evidentiary hearing. Appointed Counsel Sharp repeatedly assured petitioner that all the issues would be included in the brief. (See attached exhibits, letters between the petitioner and Appointed Counsel.)

Additionally, petitioner presented all of the above issues to the Tennessee Supreme Court on an Application for Review under TRAP 11, thereby making every reasonable attempt to preserve the issues for Federal review.

(a) **Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner will be filing an accompanying brief of the issues, but a short summation of the proof is as follows:

Petitioner was denied the effective assistance of counsel at all stages of the proceedings in this cause. Specifically, petitioner alleges that counsel was ineffective when:

a.) Mark A. Kovach, pre-trial, trial and direct appeal counsel:

1.) Totally failed to prepare for Trial, to specifically include;

A.) Preparing for the cross examination of the witnesses;

B.) file necessary pre-trial motions (bond reduction, testing of evidence)

2.) Move to Sever the trial of the petitioner and codefendant;

A.) The codefendant in this case was caught at a later date with what is arguably the murder weapon. Introduction of this evidence grossly prejudiced Moody, as it would not have been admissible at a separate trial.

B.) Failure to sever Moody and codefendant allowed the introduction of prejudicial evidence which would not have been allowed at a severed trial.

3.) Failed to move for acquittal and dismissal of all charges when the jury acquitted Moody of the count of employing a firearm during the commission of a dangerous felony;

A.) Prior to the case going to the jury, Defense Counsel Mark Kovach made a motion for judgment of acquittal. The Court denied the motion, though he noted that the issue of corroboration as to Mr. Moody was a closer issue. In the end, the Court determined that because it doesn't take much corroboration, if the jury found that Mr. Moody had either the nine millimeter or the .45, then the testimony of Mr. Caldwell would be corroborated. (TT. Vol. III, pg. 270-271) The Court specifically stated "Assuming he's [Caldwell] an accomplice, there's still corroborating evidence in terms of – it's up to the jury to decide whether he had the nine millimeter or the 45, (TT. Vol. III, pg. 271) if he had the nine millimeter, then there's evidence that that weapon was at the scene, so I respectfully deny the motion. (TT. Vol. III, pg. 272). Kovach failed to renew the motion for acquittal when the jury acquitted Moody of the firearm count, thereby establishing that they did not believe that Moody possessed a firearm during the alleged "drive-by shooting" and failing to corroborate the testimony of the accomplice, which was the only evidence connecting Mr. Moody to this offense.

4.) Challenge the imposition of a life sentence on a juvenile;

A.) The line of cases culminating in *Graham* and *Miller* should lead any reasonable attorney to believe that the imposition of a life sentence which requires the service of more than fifty (50) years prior to being eligible for parole should offend the constitutions of the United States and the state of Tennessee.

(b)     If you did not exhaust your state remedies on Ground Two, explain why: _____

Petitioner presented the above issues of the ineffective assistance of counsel in his *pro se* post conviction petition, accompanied the petition with a trial court brief that fully presented and argued the issues. Petitioner's appointed counsel did not properly present, argue or present proof on many of the above issues, thus abandoning them and waiving further review.

The trial court granted relief on an issue that the petitioner did not raise, but which was *sua sponte* raised during the evidentiary hearing. The State appealed the decision to grant relief, and petitioner repeatedly corresponded with appointed counsel and repeatedly requested that all issues that had been raised and argued be preserved in the appellate court. Appointed counsel promised, repeatedly, in writing and over the phone, that he would ensure that all issues were raised and preserved.

Counsel failed to raise any of the issues, other than to argue that the trial court did not err in granting relief. Thus, counsel failed to present or preserve the above issues, even in the face of his specific promises to do so.

(c)     **Direct appeal of Ground Two:**

    (1)     If you appealed from the judgment of conviction, did you raise this issue?

        Yes   ☐     No   ☒

    (2)     If you did not raise this issue in your direct appeal, explain why: _

        Issues of the ineffective assistance of counsel actively discouraged from being raised on direct appeal by the Courts of the State of Tennessee. Therefore, these issues are more properly raised in a post conviction petition, where evidence can be taken and the issues fully presented.

(d)     **Post-Conviction Proceedings:**

    (1)     Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes   ☒     No   ☐

    (2)     If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _____ Post Conviction Petition _____

        Name and location of the court where the motion or petition was filed: _____

        _____ Davidson County Criminal Court, Nashville, Tennessee _____

        Docket or case Number (if you know): _____ 2009-D-3252 _____

        Date of the court's decision: _____ UNKNOWN AT THIS TIME

        Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ☒     No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒     No ☐

(5) If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐     No ☒

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____ NOT APPLICABLE _____

Docket or case Number (if you know): ___ NOT APPLICABLE _____

Date of the court's decision: _____ NOT APPLICABLE _____

Result (attach a copy of the court's opinion or order, if available): _____

_____ NOT APPLICABLE _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Appointed counsel promised, repeatedly, in writing and over the phone, that he would raise all issues presented in the initial post conviction petition and accompanying trial court brief on appeal in order to preserve them for further review.

Counsel failed to do so, and thus waived the issues even though he had specifically assured Mr. Moody that he would preserve them.

Petitioner believes that the spirit of *Martinez v. Ryan*, *Trevino v. Thaler* and the Sixth Circuit case applying them to Tennessee, *Sutton v. Carpenter*, should dictate that these issues be reviewed and a fair opportunity to be heard on them be granted to Mr. Moody.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

Petitioner filed a pro se Application for Permission to Appeal under Tennessee Rules of Appellate Procedure 11 to the Tennessee Supreme Court, presenting all the issues fully and requesting that the Court review them. The Tennessee Supreme Court denied review on 9 June 2017.

**GROUND Three:** _____ **Judicial Error: The Court failed to act as thirteenth juror.**

The Trial Court erred when he failed to acquit on all charges when the jury returned a verdict of not guilty of the gun charge.

(a)     **Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

The Court, when ruling on whether or not there was enough evidence to corroborate the accomplices testimony that Mr. Moody was involved, specifically stated that the question for the jury was whether they could place the .45 in Mr. Moody's hands. If they could, then that would sufficiently corroborate the testimony of the accomplice. (TT, Vol. III, Pgs. 269-271).

When the jury acquitted Mr. Moody of employing a firearm (TT. Vol. III, pg. 456), they essentially removed the only element of corroboration of the accomplices testimony, and the Court should have, _sua sponte_, and in his capacity as the thirteenth juror, dismissed the conviction returned by the jury against Mr. Moody.

(b)     If you did not exhaust your state remedies on Ground Three, explain why:

Petitioner presented the above issues of the ineffective assistance of counsel in his _pro se_ post conviction petition and accompanied the petition with a trial court brief that fully presented and argued the issues. Petitioner's appointed counsel did not properly present, argue or present proof on many of the above issues, thus abandoning them and waiving further review.

The trial court granted relief on an issue that the petitioner did not raise, but which was _sua sponte_ raised during the evidentiary hearing. The State appealed the decision to grant relief, and petitioner repeatedly corresponded with appointed counsel and repeatedly requested that all issues that had been raised and argued be preserved in the appellate court. Appointed counsel promised, repeatedly, in writing and over the phone, that he would ensure that all issues were raised and preserved.

Counsel failed to raise any of the issues, other than to argue that the trial court did not err in granting relief. Thus, counsel failed to present or preserve the above issues, even in the face of his specific promises to do so.

(c)     **Direct appeal of Ground Three:**

(1)     If you appealed from the judgment of conviction, did you raise this issue?

Yes  ☐     No  ☒

(2)     If you did not raise this issue in your direct appeal, explain why:

<u>This is a post conviction issue, as well as an issue of the ineffective</u>

<u>assistance of counsel for failing to raise the issue on direct appeal,</u>

<u>properly raised in post conviction proceedings.</u>

(d)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes   ☒        No   ☐

(2)   If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ Post Conviction Petition _____

Name and location of the court where the motion or petition was filed: _____

_____ Davidson County Criminal Court, Nashville, Tennessee _____

Docket or case Number (if you know): _____ 2009-D-3252 _____

Date of the court's decision: _____ UNKNOWN AT THIS TIME

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)   Did you receive a hearing on your motion or petition?

Yes   ☒        No   ☐

(4)   Did you appeal from the denial of your motion or petition?

Yes   ☒        No   ☐

(5)   If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes   ☐        No   ☒

(6)   If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____ NOT APPLICABLE _____

Docket or case Number (if you know):___ NOT APPLICABLE _____

Date of the court's decision: _____ NOT APPLICABLE _____

Result (attach a copy of the court's opinion or order, if available): _____

_____ NOT APPLICABLE _____

(7)   If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ Appointed counsel promised, repeatedly, in writing and over the

phone, that he would raise all issues presented in the initial post conviction

petition and accompanying trial court brief on appeal in order to preserve

them for further review.

Counsel failed to do so, and thus waived the issues even though he had specifically assured Mr. Moody that he would preserve them.

Petitioner believes that the spirit of *Martinez v. Ryan, Trevino v. Thaler* and the Sixth Circuit case applying them to Tennessee, *Sutton v. Carpenter*, should dictate that these issues be reviewed and a fair opportunity to be heard on them be granted to Mr. Moody.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

Petitioner filed a pro se Application for Permission to Appeal under Tennessee Rules of Appellate Procedure 11 to the Tennessee Supreme Court, presenting all the issues fully and requesting that the Court review them. The Tennessee Supreme Court denied review on 9 June 2017.

GROUND Four:_____ The Court erred in disallowing petitioner to retain counsel of choice._____

(a)     **Supporting facts** (Do not argue or cite law.  Just state the specific facts that support your claim.):

    Moody repeatedly complained to the Court that appointed counsel Mark Kovach was not properly representing him, going so far as to file a hand written motion from the county jail to dismiss counsel. Finally, after all other avenues had failed, Moody's family retained counsel and Attorney Aimee J. Seitzman filed a Motion for Substitution of Counsel on 6 May 2011 requesting that she be allowed to represent Moody in further proceedings. The Court refused the change of counsel and ordered Moody to proceed with Kovach to trial. Moody claims that this denial of his right to counsel violated his rights and resulted in the conviction for first degree murder, a conviction which, Moody alleges, would not have occurred with effective counsel of his choice.

(b)     If you did not exhaust your state remedies on Ground Four, explain why:

    Petitioner presented the above issue in his *pro se* post conviction petition and accompanied the petition with a trial court brief that fully presented and argued the issue.

    The trial court granted relief on an issue that the petitioner did not raise, but which was *sua sponte* raised during the evidentiary hearing. The State appealed the decision to grant relief, and petitioner repeatedly corresponded with appointed counsel and repeatedly requested that all issues that had been raised and argued be preserved in the appellate court. Appointed counsel promised, repeatedly, in writing and over the phone, that he would ensure that all issues were raised and preserved.

    Counsel failed to raise any of the issues, other than to argue that the trial court did not err in granting relief. Thus, counsel failed to present or preserve the above issue, even in the face of his specific promises to do so.

(c)     **Direct appeal of Ground Three:**

    (1)     If you appealed from the judgment of conviction, did you raise this issue?

        Yes  ☐     No  ☒

    (2)     If you did not raise this issue in your direct appeal, explain why:
        This is a post conviction issue, as well as an issue of the ineffective assistance of counsel for failing to raise the issue on direct appeal, properly raised in post conviction proceedings.

(d)    **Post-Conviction Proceedings:**

    (1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes  ☒     No  ☐

    (2)    If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: ____Post Conviction Petition____

        Name and location of the court where the motion or petition was filed: _____ Davidson County Criminal Court, Nashville, Tennessee _____

        Docket or case Number (if you know): ____2009-D-3252____

        Date of the court's decision: ____UNKNOWN AT THIS TIME____

        Result (attach a copy of the court's opinion or order, if available): _____

    (3)    Did you receive a hearing on your motion or petition?

        Yes  ☒     No  ☐

    (4)    Did you appeal from the denial of your motion or petition?

        Yes  ☒     No  ☐

    (5)    If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes  ☐     No  ☒

    (6)    If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: _____ NOT APPLICABLE _____

        Docket or case Number (if you know):___NOT APPLICABLE___

        Date of the court's decision: ____NOT APPLICABLE____

        Result (attach a copy of the court's opinion or order, if available): _____ NOT APPLICABLE _____

    (7)    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

        Appointed counsel promised, repeatedly, in writing and over the phone, that he would raise all issues presented in the initial post conviction petition and accompanying trial court brief on appeal in order to preserve them for further review.

        Counsel failed to do so, and thus waived the issues even though he had specifically assured Mr. Moody that he would preserve them.

        Petitioner believes that the spirit of *Martinez v. Ryan, Trevino v. Thaler,* and the Sixth Circuit case applying them to Tennessee, *Sutton v.*

*Carpenter*, should dictate that these issues be reviewed and a fair opportunity to be heard on them be granted to Mr. Moody.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

Petitioner filed a pro se Application for Permission to Appeal under Tennessee Rules of Appellate Procedure 11 to the Tennessee Supreme Court, presenting all the issues fully and requesting that the Court review them. The Tennessee Supreme Court denied review on 9 June 2017.

**GROUND Five:** _____ The life sentence imposed upon Mr. Moody is unconstitutional under United States Supreme Court decisions in the line of cases culminating in *Graham/Miller*.

(a) **Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

At the time this offense occurred, Mr. Moody was sixteen (16) years old. Under the United States Supreme Court cases of *Graham v. Florida*, 130 S.Ct. 2011, (July 6, 2010), and *Miller v. Alabama*, --- S.Ct. ----, 2012 WL 2368659 (U.S.Ala.); Moody argues that sentencing him to life with the possibility of parole only after the service of 85% of sixty (60) years is equivalent to a life without parole sentence…, in every aspect except the wording of the sentence. It's practical application results in a sentence to die in prison, and it is this sentence that violates the spirit of *Graham* and *Miller*.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

Petitioner presented the above issue in his *pro se* post conviction petition and accompanied the petition with a trial court brief that fully presented and argued the issue.

The trial court granted relief on an issue that the petitioner did not raise, but which was *sua sponte* raised during the evidentiary hearing. The State appealed the decision to grant relief, and petitioner repeatedly corresponded with appointed counsel and repeatedly requested that all issues that had been raised and argued be preserved in the appellate court. Appointed counsel promised, repeatedly, in writing and over the phone, that he would ensure that all issues were raised and preserved.

Counsel failed to raise any of the issues, other than to argue that the trial court did not err in granting relief. Thus, counsel failed to present or preserve the above issue, even in the face of his specific promises to do so.

(c) **Direct appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

This is a post conviction issue, as well as an issue of the ineffective assistance of counsel for failing to raise the issue on direct appeal, properly raised in post conviction proceedings.

(d)    **Post-Conviction Proceedings:**

(1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes    ☒        No    ☐

(2)    If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ Post Conviction Petition _____

Name and location of the court where the motion or petition was filed: _____

_____ Davidson County Criminal Court, Nashville, Tennessee _____

Docket or case Number (if you know): _____ 2009-D-3252 _____

Date of the court's decision: _____ UNKNOWN AT THIS TIME

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)    Did you receive a hearing on your motion or petition?

Yes    ☒        No    ☐

(4)    Did you appeal from the denial of your motion or petition?

Yes    ☒        No    ☐

(5)    If your answer to question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes    ☐        No    ☒

(6)    If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____ NOT APPLICABLE _____

Docket or case Number (if you know):___ NOT APPLICABLE _____

Date of the court's decision: _____ NOT APPLICABLE _____

Result (attach a copy of the court's opinion or order, if available): _____

_____ NOT APPLICABLE _____

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Appointed counsel promised, repeatedly, in writing and over the phone, that he would raise all issues presented in the initial post conviction petition and accompanying trial court brief on appeal in order to preserve them for further review.

Counsel failed to do so, and thus waived the issues even though he had specifically assured Mr. Moody that he would preserve them.

Petitioner believes that the spirit of *Martinez v. Ryan, Trevino v. Thaler* and the Sixth Circuit case applying them to Tennessee, *Sutton v.*

*Carpenter*, should dictate that these issues be reviewed and a fair opportunity to be heard on them be granted to Mr. Moody.

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

Petitioner filed a pro se Application for Permission to Appeal under Tennessee Rules of Appellate Procedure 11 to the Tennessee Supreme Court, presenting all the issues fully and requesting that the Court review them. The Tennessee Supreme Court denied review on 9 June 2017.

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

Yes  ☒     No  ☒

If your answer is "No" state which grounds have not been so presented and give your reason(s) for not presenting them:  All of the issues in this Habeas Corpus petition have been presented to the Tennessee Supreme Court, even though appointed counsel failed to raise them in the intermediate appellate court when the State appealed the grant of relief, and a new trial, at the post-conviction level. Technically, the issues have been presented to the Tennessee Supreme Court - though the Court refused to review them.

In the interest of justice, in that a person who is actually innocent of the crime he has been convicted of, this Court should review these issues.

Additionally, in accord with the Martinez line of cases, these issues should be reviewed based upon appointed counsel's absolute failure to properly raise, present and preserve the issues on appeal.

(b)  Is there any ground in this petition that has not been presented in some state or federal court?

Yes  ☒     No  ☒

If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Again, All of the issues in this Habeas Corpus petition have been presented to the Tennessee Supreme Court, even though appointed counsel failed to raise them in the intermediate appellate court when the State appealed the grant of relief, and a new trial, at the post-conviction level. Technically, the issues have been presented to the Tennessee Supreme Court - though the Court refused to review them.

In the interest of justice, in that a person who is actually innocent of the crime he has been convicted of, this Court should review these issues.

Additionally, in accord with the Martinez line of cases, these issues should be reviewed based upon appointed counsel's absolute failure to properly raise, present and preserve the issues on appeal.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

Yes ☐  No ☒

If "Yes," state the name of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available: _____

NOT APPLICABLE

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____ NOT APPLICABLE _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of stages of the judgment you are challenging:

(a) At preliminary hearing: _____ Mark Kovach _____
_____ Current Address Unknown _____

(b) At arraignment and plea: _____ Mark Kovach _____
_____ Current Address Unknown _____

(c) At trial: _____ Mark Kovach _____
_____ Current Address Unknown _____

(d) At sentencing: _____ Mark Kovach _____
_____ Current Address Unknown _____

(e) On appeal: _____ Mark Kovach _____
_____ Current Address Unknown _____

(f) In any post-conviction proceeding: _____ Dustin Sharpe, Attorney _____
_____ Stokes, Williams, Sharp, Cope & Mann _____
_____ 920 Volunteer Landing Lane, Ste. 100 _____
_____ Knoxville, TN 37915 _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_____ Dustin Sharpe, Attorney _____
_____ Stokes, Williams, Sharp, Cope & Mann _____
_____ 920 Volunteer Landing Lane, Ste. 100 _____
_____ Knoxville, TN 37915 _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes     ☐     No     ☒

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____ NOT APPLICABLE _____

(b) Give the date the other sentence was imposed: _NOT APPLICABLE_____

(c) Give the length of the other sentence: _____ NOT APPLICABLE _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     NOT APPLICABLE

Yes     ☐     No     ☐

18. TIMELINESS OF PETITION: If your judgment or conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's TRAP 11 Application for Review was denied by the Tennessee Supreme Court on direct appeal on 17 October 2013. Petitioner filed his Post Conviction Petition on 15 April 2014. Petitioner's TRAP 11 Application for Review was denied by the Tennessee Supreme Court on 9 June 2017.

Thus, petitioner's one year statute of limitations began 17 October 2013, was tolled by the filing of the Post Conviction petition on 15 April 2014, and began running again on 9 June 2017.

Petitioner used 180 days from 17 October 2013 to 15 April 2014.

The Tennessee Supreme Court denied review on TRAP 11 on 9 June 2017, and this petition is being mailed on _____ November July 2017, thus using less than sixty (60) days, leaving Mr. Moody with at ENOUGH TIME least 120 days left on his Federal Statute of Limitations under the AEDPA.

* The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – (continued...)

Therefore, petitioner asks that the Court grant the following relief:

Review the issues presented, find that the proceedings below violated Mr. Moody's constitutional rights to the effective assistance of counsel and to due process of law, that the sentence imposed violates the constitutional provisions against cruel and unusual punishment, and there was no evidence to corroborate the accomplices testimony placing Mr. Moody at the scene with a weapon, thus failing to provide sufficient evidence to support the conviction.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

      I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the ___9___ day or ~~July~~, 2017 (month, date, year).
November

Executed (signed) on __November 9 2017__ (date).

                                     _491480_
                                 Signature of Petitioner

_____

*(...continued)
- (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
- (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

      If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

NOT APPLICABLE
_____
                                _491480_
(Signature and Title)

EXHIBITS TO HABEAS CORPUS PETITION

DEANGELO MOODY,
         PETITIONER,

V.
  BRUCE WESTBROOKS, WARDEN,
     AND STATE OF TENNESSEE

EXHIBIT 1    LETTER TO DUSTIN SHARP, 25 SEPT. 2014, 1 pg.

EXHIBIT 2    LETTER TO DUSTIN SHARP, 27 DEC, 2014, 2 pgs

EXHIBIT 3    LETTER TO DUSTIN SHARP, 11 MARCH 2015, 1 pg

EXHIBIT 4    LETTER TO DUSTIN SHARP, 19 MARCH 2015, 1 pg

EXHIBIT 5    LETTER FROM DUSTIN SHARP, 21 JAN, 2016, 2 pgs

EXHIBIT 6    LETTER TO DUSTIN SHARP, 5 JULY 2016, 1 pg

EXHIBIT 7    LETTER TO DUSTIN SHARP, 13 AUGUST 2016, 2 pgs

EXHIBIT 8    LETTER TO DUSTIN SHARP, 15 AUGUST 2016, 3 pgs

EXHIBIT 9    LETTER FROM DUSTIN SHARP, 14 OCTOBER 2016, 1 pg

EXHIBIT 10   LETTER TO DUSTIN SHARP, 19 OCTOBER 2016, 2 pgs

EXHIBIT 11   LETTER TO DUSTIN SHARP, 16 NOVEMBER 2016, 3 pgs

EXHIBIT 12   LETTER FROM DUSTIN SHARP, 29 NOVEMBER 2016, 1 pg

Deangelo M. Moody
TCIX – 491480 – Unit 3
1499 R.W. Moore Mem. Hwy.
Only, TN  37140-4050

25 September 2014

Dustin Sharpe
Attorney at Law
401 Church St. #2900
Nashville, TN  37219

RE:  Post Conviction Case Number # **2009-D-3252**

Mr. Sharpe,

    Just a short note to touch base and send you a copy of the trial court brief we have put together. Let me know what you think about the issues. I know that you may not like the grand jury issue, but honestly…, I believe that it is relevant and should be explored. The reports that we have establish a ridiculous level of conduct and it needs to be talked about. So…, I know you may not particularly care for it, but I want that issue put forward.

    I am curious about any discovery that the state may have provided you. Please make sure that I get a copy of anything they disclose.

    Should the state provide you any discovery on CD or DVD, I am allowed to receive media on either. We have a computer dedicated to specifically allow inmates to review and work on their cases with materials on CD/DVD. Anything provided on CD/DVD would be appreciated.

    Again, please do not, under any circumstances, remove or "amend out" any of the issues that have been raised in my petition/trial court brief without my express agreement beforehand. You may add any issues that you feel are relevant as you choose.

    Thank you for your time and assistance.

_____

Deangelo M. Moody

cc: file

Deangelo M. Moody
TCIX – 491480 – Unit 3
1499 R.W. Moore Mem. Hwy.
Only, TN  37140-4050

27 December 2014

Dustin Sharpe
Attorney at Law
401 Church St. #2900
Nashville, TN  37219

RE:  Post Conviction Case Number # **2009-D-3252**

Mr. Sharpe,

I appreciate your taking the time to touch base with me and let me know what has been happening as you get ready to represent me on my post conviction. I am looking forward to the hearing and am really happy to hear that my earlier attorney is going to be there to help us.

I've talked to some of my friends here who are pretty good at the law about your idea of filing a Federal Habeas petition to address the failure of the state court to allow me to hire my attorney of choice. While that may sound like a good idea, all of them point out that in order to raise an issue in federal court, that issue has to be exhausted fully in the state courts. That means the issue has to be presented, and argued, in both a state and federal context before being presented to the federal courts. Also, technically, only one federal habeas petition can be filed, so any issues not properly presented in the first petition would be waived and not subject to review later. So, I don't think that's a good idea.

At least for now, lets concentrate on the state post conviction petition and making sure the all my issues are properly and fully presented in both a state and federal constitutional context. Should it become necessary to file a federal habeas, it will be relatively simple if the issues are properly presented, argued and briefed in the state courts.

I am enclosing with this letter the things that you asked for when we video conferenced. The jail visitation logs, consisting of seven (7) pages, a copy of the handwritten Motion to Dismiss Counsel, consisting of three (3) pages and the letter from the Board of Professional Responsibility confirming Mr. Kovach was found to have violated the Rules consisting of one (1) page. I hope that they are helpful and can be made exhibits to our hearing.

I look forward to seeing the amended petition sometime in January and seeing what your take on the case is. Again, I have to insist that you do not remove any of the issues that I have raised in my petition. If you do not feel the issue is appropriate, or that you can argue an issue,

cc: file

simply leave it in the petition and inform the court that I have insisted that the issue be presented. If necessary, I will demand the right, under the Tennessee Constitution, Art. 1, § 9 to be heard, and will present the issue(s) myself to the court. Refresher: Article 1, § 9. Rights of accused: "That in all criminal prosecutions, the accused hath the right to be heard <u>by himself and his counsel</u>." By himself and his counsel. If necessary, I will be happy to get up and present the issue, as well as provide the court with a copy of the trial court brief that I have provided to you.

Again, I know this is repetitive, but if an issue is not properly raised and presented in the trial court, it cannot be raised later. Therefore, all of the issues that I presented in my petition, and detailed in the brief, should be presented to the court, either by yourself, or if necessary, by me through making the trial court brief a part of the record. I know that you do not particularly like the grand jury issue, but I believe that it is relevant and should be fully presented and explored. The reports that we already have establish a ridiculous level of conduct and it needs to be talked about. Also, please file a motion for the production of the grand jury reports from the time period I detailed in the brief and petition to as late a date as they are available.

Also, has the state turned over anything new in discovery, or have they indicated that there is an "open file policy" where you can go look at the file? Just curious.

Again, please do not, under any circumstances, remove or "amend out" any of the issues that have been raised in my petition/trial court brief without my express agreement beforehand. You may add any issues that you feel are relevant as you choose.

Thank you for your time and assistance.

_____
Deangelo M. Moody

Deangelo M. Moody
TCIX – 491480 – Unit 3
1499 R.W. Moore Mem. Hwy.
Only, TN 37140-4050

11 March 2015

Dustin Sharpe
Attorney at Law
401 Church St. #2900
Nashville, TN 37219

RE: Post Conviction Case Number # **2009-D-3252**

Mr. Sharpe,

     Per our earlier conversation, I was under the impression that you were going to send me a copy of my amended post conviction petition for me to review. As of yet I still have not received a copy, and would really like to see what you have filed.

     Also, has the state turned over anything new in discovery, or have they indicated that there is an "open file policy" where you can go look at the file? Just curious.

     Again, please do not, under any circumstances, remove or "amend out" any of the issues that have been raised in my petition/trial court brief without my express agreement beforehand. You may add any issues that you feel are relevant as you choose.

     Thank you for your time and assistance.

_____
Deangelo M. Moody

cc: file

*Ex.3*

Page 1 of 1

Deangelo M. Moody
TCIX – 491480 – Unit 3
1499 R.W. Moore Mem. Hwy.
Only, TN 37140-4050

19 March 2015

Dustin Sharpe
Attorney at Law
401 Church St. #2900
Nashville, TN 37219

RE: Post Conviction Case Number # **2009-D-3252**

Mr. Sharpe,

I appreciate your sending the copy of my amended post conviction petition for me to review. After reviewing the amended petition I have a few questions.

1. Don't you have to specifically state the specific things that prior counsel did or failed to do that constitute ineffective assistance of counsel. (It has been held in a number of cases that if the amended petition does not discuss specific issues, and not just say "Ineffective assistance of counsel", the issues are waived.)

2. I noticed that you incorporated the previous petition and brief by reference. Will this allow you to argue the issues that are specifically contained in those pleadings and filings? Do you intend to argue and present evidence in support of those other issues?

3. Can you give me an outline of what you intend to present, what witnesses you intend to call, and what your specific strategy is regarding the evidentiary hearing?

Again, please do not, under any circumstances, remove or "amend out" any of the issues that have been raised in my petition/trial court brief without my express agreement beforehand. As always, you may add any issues that you feel are relevant as you choose.

I sincerely do appreciate your time and assistance.

_____
Deangelo M. Moody

# Dustin E. Sharp, Esq. P.C.

*Attorney At Law*

January 21, 2016

Deangelo Moody 491480
T.C.I.X
1499 R.W. Memorial Hwy
Only, TN 37140

Re: Status

Dear Mr. Moody:

Thank you for your most recent letter.

Once the notice of appeal is filed the Attorney General has sixty (60) days to get the record transferred to the appellate court from the trial court. The Attorney General then has another thirty (30) days to file their brief once the record has been transferred from the trial court. They filed their notice of appeal on 12/18/2015; I have not received notice that the record has been transferred to the appellate court yet. Essentially the Attorney general has at minimum ninety (90) days from the date the notice of appeal was filed to file their brief. So ninety days from 12/18/2015 is the minimum deadline we are looking at for them to file their brief.

It is important to keep in mind that the Attorney General often times asks for an extension on time to file their brief which may very well happen in this case. I will keep you posted on any new developments and I will certainly let you know when the Attorney General files their brief.

As far a your request for bond goes i have some issues i would like to address with you:

1.) It is my understanding Judge Fishburn does not have jurisdiction now on bond matters while an appeal from the AG's office is pending. Since it is now on appeal it is my understanding the Criminal Court of Appeals has jurisdiction over bond issues. Even if the Criminal Court of Appeals was to set a bond it will more than likely be set at or above the bond amount previously set in your first trial. Does your family have the ability to make a bond in that range?

2.) We still have a fight ahead of us in the appellate court. We would be asking the appellate court for a bond before they have even reviewed the Attorney General's appeal of Judge Fishburn's ruling. Not a smart move in my opinion. They could overturn Judge Fishburn and not give you a new trial if we lose. If we

Ex5, pg 1of 2



file a motion in the appellate court asking for a bond it is sure to ruffle the feathers of the District Attorney and the Attorney General's office even more than they already are. It could also hurt us if we decided to enter into plea negotiations if and when you are granted a new trial.

3.) Why not wait till you are actually granted a new trial when you are most definitely entitled to a bond and we are in a better position to argue for a lower bond amount at the trial court level? It seems to me and I would advise you that it is the much better strategy to wait to see if we get the new trial we deserve before we address bond. I know you are anxious to have your vindication and have a new opportunity for justice, but you are counting your chickens before they hatch in my opinion by asking for a bond at this stage. We still have an appeal challenge in front of us to worry about.

In the long run what is the harm in waiting a few more months to see if we get the new trial we deserve before we start demanding a bond? As always Mr. Moody I work for you and I will do as you please, but I strongly advise you against a bond motion at this juncture of the proceedings. Let me know what you would like to do.

Sincerely,

Dustin E. Sharp

Ex. 5, pg 2 of 2

Deangelo M. Moody
TCIX – 491480 – Unit 3
1499 R.W. Moore Mem. Hwy.
Only, TN  37140-4050

05 July 2016

Dustin Sharpe
Attorney at Law
401 Church St. #2900
Nashville, TN  37219

RE:  Post Conviction Case Number # <u>**2009-D-3252**</u>

Mr. Sharpe,

This is just a short note to touch base and see what is happening.

Per our earlier conversation, I have been expecting a copy of the state's brief that you said was filed a week or so ago. I know that it was filed electronically, but I really want to be able to read it, and sincerely appreciate your taking the time to print it out and send it to me.

Not much else is going on here, I'm just slowly going crazy trying to figure out what is going to happen. You know, the same ole' stuff.

Any thoughts, advice etc. that you might be compelled to share would be appreciated, and I look forward to your response.

And as always, I sincerely do appreciate your time and assistance.

*Deangelo M. Moody*
Deangelo M. Moody

Ex 6,  Page 1 of 1

cc: file

Deangelo M. Moody
TCIX – 491480 – Unit 1B
1499 R.W. Moore Mem. Hwy.
Only, TN 37140-4050

13 August 2016

Dustin Sharpe, Attorney
Stokes, Williams, Sharp, Cope & Mann
920 Volunteer Landing Lane, Ste. 100
Knoxville, TN 37915

RE: Post Conviction Case Number # **2009-D-3252**

Mr. Sharpe,

I appreciate your taking the time to talk to me the other day. I know that you are busy during this time of transition from one office to another, and I know your time is valuable. I am concerned however with the contents of the brief we will be filing with the Court of Criminal Appeals. My concerns are:

1. It seems to me that Kovach said that it was understood that I was the driver of the car. That has never been testified to, in fact, all the evidence shows that I was not the driver. I hope that we will address that.

2. I got to listen to the rants that Kovach made, which are posted all over the internet. I think they should be addressed, perhaps in a motion for the court to take judicial notice of them. I repeatedly accused Kovach of derogatory and inflammatory name calling, which he denied. The recordings demonstrate pretty clearly that Kovach is willing to engage in this type of activity. I believe it should be addressed.

3. Also, I know the state has only appealed on this one issue, but don't we need to ensure that we address all the issues that Judge Fishburn denied us on also? I am afraid that if we only address the single issue that the Judge granted us relief on, the CCA won't have the full impact of all the issues we raised and the impact they all have together. Also, I believe that the Judge erred when he denied us relief on the other issues, and I would like to challenge that decision on this appeal.

Our primary fear is that, if the Court of Criminal Appeals only sees and addresses the single issue that Fishburn granted relief on, they could very easily discount the importance of the issue, reverse and reinstate the convictions... and then, bluntly, I'm ~~fucked~~→ Screwed.

You know as well as I do that the other issues played a role in Judge Fishburn granting me relief, it wasn't JUST the issue that he granted relief on, or that he justified granting relief on. If we now essentially abandon all of the issues that were initially raised, and solely answer to the State's single issue brief, I believe that we are abandoning the other issues from ever being raised

cc: file

Ex 7,

again. I am pretty sure that the state of the law is that if we do not address every issue we presented in the post conviction trial court in this brief, if the CCA does reverse, then we will have forever waived the issues we presented in the trial court and I will not be able to address them on Federal habeas, if it becomes necessary.

So, here's the bottom line. I sincerely appreciate your efforts on my behalf. I sincerely appreciate the effort you have put forth to date and I give you full credit for the win in the trial court. BUT (you knew that was coming), if you are not willing to address every single issue that I raised in the pro se post conviction petition (Except for issue 1 which we did not present any proof on) and that we carried forward in the post conviction evidentiary hearing... I need you to file a motion to withdraw, at my direction, explaining to the CCA that I am demanding the right to proceed pro se on appeal. AGAIN, this is ONLY if you will not carry forward and address EVERY issue that we have previously raised (Except for issue 1 in my pro se brief, which we did not present any proof on at the hearing), along with its legal basis and argument. Especially issue two, if you will read it carefully, you will clearly see how important this issue is to be clearly argued. The fact that Judge Fishburn did not grant relief on this issue does not mean that the issue isn't a good issue, or a strong issue, and I really, really want this issue fully presented.

I feel very strongly about this Mr. Sharp. I truly believe in my heart that this appeal, at this stage, will set the tone for the rest of my life. If we drop the ball here, I believe I will spend the rest of my life in prison. And that... obviously... is not a desirable outcome.

So please, give some serious thought to what I have said, and let me know as soon as possible what you intend to do. If you feel you simply cannot present the issues I have asked you to present, simply call my mom and let her know that we need to file the brief. We will proceed from there and file the necessary motions to proceed pro se.

Again, thank you so very much for your time and efforts on my behalf.

Deangelo M. Moody

Deangelo M Moody
T.C.I.X 491480-unit 1B
1499 R.W. Moore Mem Hwy
Only, TN 37140-4050

August 15, 2016

Dustin Sharpe, Attorney
Stokes, Williams, Sharp, Cope & Mann
920 Volunteer Landing Lane, Ste. 100
Knoxville, TN 37915

Re:                    <u>Post Conviction Case # 2009-D-3252</u>

Dear Mr. Sharp:

I appreciate you taking the time to talk to me the other day. I was telling u on the phone I would like for you to put some issue from my pro'se post conviction petition. I really do need you to put issue 2,3,4 and 5 in your brief.
I would also like you to check into

1. It seems to me that Kovach said that it was understood that I was the driver of the car. That has never been testified to, in fact, all the evidence shows that I was not the driver. I hope that we will address that.

2. I got to listen to the rants that Kovach made, which are posted all over the internet. I think they should be addressed, perhaps in a motion for the court to take judicial notice of them. I repeatedly accused Kovach of derogatory and inflammatory name calling, which he denied. The recordings demonstrate pretty clearly that Kovach is willing to engage in this type of activity. I believe it should be addressed.

3. Also, I know the State has only appealed on this one issue, but don't we need to ensure that we address <u>all</u> the issues that Judge Fishburn denied us on? I am afraid that if we only address the

*Ex 8, pg 1 of 3*

single issue that the Judge granted us relief on, the CCA won't have to address all of the issues we raised and the impact they all have together. Also, I believe that the Judge erred when he denied us relief on the other issues also, and I would like to challenge those decisions on this appeal too.

I have read them very closely and it seems to me that they are very clearly argued, but I trust your judgment. My opinion is that they should be part of my appeal. My primary fear is that if the court of Criminal Appeals only sees and addresses the single issue that Fishburn granted relief on they could more easily discount the importance of that and the other issues. Then if they reverse and reinstate the conviction based on that single issue, all the other issues are dead. (and would possibly be considered waived which we do not want to happen)

You are aware that other issues that played a role in Judge Fishburn granting me relief. I believe that we are abandoning the other issues from ever being raised if we don't appeal them also.

That may go for the federal courts on habeas....

Finally, if and when it becomes necessary for you to file the brief, I would like a copy so I can look it over. I would like to thank you for your time and help. I am patiently awaiting your response thank you.

Sincerely,

Deangelo M. Moody

Ex 8, pg 2 of 3

## CERTIFICATE OF SERVICE

I, D. Moody hereby certify according to law and the penalty of perjury that on the _15_ day of August, 2016, I did forward to Counsel _Dustin Sharp_ a true and exact copy of a letter asking him to add all of my post conviction grounds to the appeal which he is representing me on.

And, that I did place this letter in a postage prepaid envelope sufficient for first class mail and deposited same in the U.S. Mail here at Turney Center Industrial Complex, 1499 R.W. Moore Memorial Highway, Only, Tennessee 37140.

_D. moody 491480_

Ex 8, pg 3 of 3

# Stokes Williams Sharp

ATTORNEYS AT LAW

## STOKES, WILLIAMS, SHARP, COPE & MANN, P.C.

Billy J. Stokes* **
Herbert B. Williams*
Ellis A. "Sandy" Sharp
Jon M. Cope*
Mary Jo Mann
Zachary B. Tenry
Dustin E. "Dusty" Sharp

920 Volunteer Landing Lane, Suite 100
Knoxville, Tennessee 37915
www.stokeswilliams.com

(865) 544-3833

Mailing:
P.O. Box 2644
Knoxville, TN 37901
Fax: (865) 544-1849
*Tennessee Supreme Court
Listed Mediator
**Of Counsel

October 14, 2016

Deangelo Moody 491480
T.C.I.X
1499 R.W. Memorial Hwy
Only, TN 37140

**Re: Appellate Brief**

Dear Mr. Moody:

Attached is the brief I filed on your behalf on October 10, 2016. I apologize I did not get a copy to you before I filed it. I was coming up on a deadline and I had to get it in quickly. As I've told you before, we had to stay on point with the brief and stick to why Judge Fishburn was correct in his ruling and argue that he did not abuse his discretion in his ruling. I had to respond to the State's argument directly and that is what I did. I feel it is a very good brief and does a good job of solidifying our argument.

I've also requested an oral argument in this matter and it is currently set for November 8, 2016 at 9:30 AM at the Supreme Court in Nashville. You will not be brought in for the oral argument. After the oral argument is finished it will take the Appellate Court several months to issue a decision on the matter. In the meantime I will continue to prepare for oral argument in early November. Please let me know if you have any questions.

Sincerely,

Dustin E. "Dusty" Sharp

Ex 9, pg 1 of 1

Dustin Sharpe, Attorney at Law
Stokes, Williams, Sharp, Cope & Mann
920 Volunteer Landing Lane, Ste. 100
Knoxville, TN 37915

October 19, 2016

Dear Dustin Sharp

In my last letter I specifically addressed my concerns regarding the brief you were preparing to file and I remember asking u can you please put these issues from my pro'se post conviction petition into the appeal brief? [ issue 2,3,4 and 5] in your appeal brief.

And I received your brief 10-17-16 and you did not add any of my issues I ask you to and you told me to put my trust in to you on filing this appeal and that's what I done and then you let me down, because you didn't put none of them issues in your brief you filed on October 10 2016 and I told you before you file it send it to me so I can read over it and make sure you put my issues in there and on 10-18-16 you ensured me when we talk that you <u>would</u> argue my issues at the oral argument.

I am not trying to dew your job (that your good at) but the judge granted new trail because of one issue and did not address the rest but like you stated in your amended petition for post-conviction relief p.13 the cumulative effects of all errors violated Mr. moody constitutional rights.

you want on to state Mr. moody incorporates into this claim for relief by express reference all other paragraphs contained in this amended petition all pleadings filed in this case previously and to be filed subsequent to the filing of this petition as well as all appellate briefing (including certiorari litigation) filed by Mr moody in connection with the above-referenced criminal case and any further amended motions or petitions to be filed by Mr. moody at any time in the future even if the court finds that none of the errors considered individually violated his rights Mr. moody nevertheless submits that the cumulative effect of all such errors violated his rights under the fifth sixth eighth and fourteenth amendments of the united state constitution and article 1 sections 6,7,8,9,10,16,17,19 and 20 of the Tennessee constitution  **see united state v. Hernandez, 227 F.3d 686, 697 (6th cir.) cert denied 534 u.s. 831 (2001) Groseclose v bell, 895 f. supp 935, 960 (m.d. Tenn. 1995)** and you want on to state mr moody incorporates into this claim by express refrence all principles. So, why would you go to the length of making the trial

*Ex 10, 1 of 2*

court aware that all of my issues were before the court for relief, and then fail to argue those same issues that you clearly believed in, in the appellate brief?

mr sharp I ask that we make this statement because I am not waiving any issues. also I ask that you send me the same statement you made on the phone simply your are going to argue my issue at the oral argument 11-8-16 in my pro'se petition 2,3,4, and 5 this is so its clear that am not waving any thing and that you understand that because if not all issues not raised on this appeal would be deemed waived. and really I would like you to ask the courts can you withdraw the brief so you can put my issues I ask you to put in the brief or I would like to put them in there myself again in my last letter I specifically wrote: also I know the state has only appealed on this one issue but don't we need to ensure that we address all the issues that judge fishburn denied us on also I am afraid that if we only address the single issue that the judge granted us relief on the cca wont have the full impact of all the issues we raised and the impact they all have together also I believe that the judge erred when he denied us relief on the other issues and I would like to challenge that decision on this appeal.

Thank you for your time and assistance.

P.S. Please write me back as soon as possible and let me know your response to this request. Thanks again.

_Deangelo M. Moody 491480_

Deangelo M. Moody
TCIX 1B-126
1499 R.W. Moore Mem. Hwy
Only, Tn. 37140

## Certificate of Service

I, Deangelo Moody 491480 hereby Certify according to law and The Penalty of perjury That on the 19th day of October 2016 I Did forward to counsel Dustin Sharp a true and exact copy of a letter asking him to add all of my post-conviction grounds to The appeal which he is representing me on. And, That I Did place This letter in the US Mail here at Turney center Industrial complex 1499 R.W. moore memorial Hwy only Tennessee 37140

Ex 10, 2 of 2

Deangelo M. Moody
TCIX – 491480 – Unit 1B
1499 R.W. Moore Mem. Hwy.
Only, TN  37140-4050

November 16, 2016

Dustin Sharpe, Attorney at Law
Stokes, Williams, Sharp, Cope & Mann
920 Volunteer Landing Lane, Ste. 100
Knoxville, TN 37915

RE:  Post Conviction Case Number # **2009-D-3252**

Dear Mr. Sharpe,

Did you have the oral argument? I apologize for being so repetitive in inquiring about the status of my unruled on post conviction issues (#2,3,4 and 5) in my case, but I am also quite distressed at your lack of response to my last letter of October 19, 2016. Believe me I do realize the hard work you having in bring my appeal before the appellate court on these other grounds. But I also feel strongly that these issues, which were *never* ruled on by the trial court, would make your job easier because I believe they have such merit to them we could win on them as well. That is why I have been requesting that you raise *on appeal* these issues, in order for the appellate court to make a determination about them as well.

As you may recall, you did state to me in a phone call that you would put these issues in the oral argument scheduled for November 8, 2016, on appeal.

For example, when I was taken to trial on the issue regarding the ".45", since my Jury found me not guilty of "employing a firearm", the trial Judge should have exercised his jurisdiction under the 13th Juror Rule and dismissed the charge of 1st degree murder, since that was the underlying felony. The trial court should have vacated the jury verdict. *"In this state, the trial judge is considered to be the thirteenth juror, and no verdict is valid until the trial judge approves it." Johnson v. Torrington Co., 2012 WL 2337615, (Tenn. Ct. App. 2012), (other citations omitted) at \*9.* See, e.g., *State v. George Blake Kelly, No. 01C01-9610-CC-00448, 1998 WL 712268 (Tenn.Crim.App., Nashville, Oct. 13, 1998)* (second-degree murder conviction dismissed for insufficient evidence and conviction of

cc: file

Ex 11) Page 1 of 3

vehicular homicide imposed). As you know, <u>Tennessee Rule of Criminal Procedure 33(d)</u> provides that the trial court "*may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence.*" <u>Tenn. R.Crim. P. 33(d)</u>. *See also <u>Blanton,</u>* 926 S.W.2d at 958 (thirteenth juror rule imposes a duty on the trial judge to "weigh the evidence and grant a new trial if the evidence preponderates against the weight of the verdict").

Also, the failure of the trial court in my case to issue findings of fact and conclusions of law with respect to all four of the issues above, has been addressed by the appellate courts in cases like these: "*The findings of fact by a trial judge are essential to counsel's effectiveness.*" *State v. Kelly, 603 S.W. 2d 726 (Tenn., 1980); Key v. State, 591 S.W. 2d 793; State v. Yarbro, 618 S.W. 2d 521.* For four of the seven post conviction grounds I filed *pro se,* the trial court <u>never</u> issued a memorandum and opinion or findings of fact. See *Blunt v. State, No. 01C019110CR00307, (11-12-1992): "In remanding this matter, this Court found that the trial judge had only addressed one of eight grounds allegedly supporting the petitioner's claim of ineffective assistance of counsel and held that each ground raised in the petition must be addressed by the trial judge."* See also *Banks v. State, 2012 WL 1067201, citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); State v. Taylor, 968 S.W. 2d 900, 905 (1997; Tenn.Crim.App.). trial judge summarily dismisses a proceeding brought pursuant to the Post-Conviction Procedure Act, the trial judge is required to include in his final <u>order all of the grounds raised in the petition and his findings with regard to each ground.</u>"*

My belief is that these case rulings allow for the remand to the trial Court in order for the neglected issues ##2,3,4, and 5, to finally be ruled on. *See also* T.C.A. § 40-30-111. (Final disposition of petitions):

(b) Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground. *Ex parte Hinton,* 172 So. 3d 332: *"remand to order post conviction court to make specific findings as to each material issue of fact presented...."*

Thus, I am asking that my Petition for Post Conviction Relief be <u>remanded</u> for the post conviction court to make specific findings as to each material issue of fact presented. ""

You have ample ground to present these unresolved issues, I believe even at the current stage of the proceedings: "The appointment of counsel assists in ensuring that a petitioner asserts all available grounds for relief and fully and fairly litigates these grounds in a single post-conviction proceeding." *Moore v. State*, 2001 WL 792612 (*Tenn.Crim.App. 2001*), citing, *Leslie v. State*, 36 S.W. 3d 34, 36 (*Tenn. 2000*).

One thing more, tell me if we are not successful, will you or will you not file my Rule 11?

Deangelo Moody
TCIX – 491480 – 1B-126
1499 R. W. Moore Mem. Hwy.
Only, TN 37140-4050

# **Certificate of Service**

I, D. Moody hereby certify according to law and the penalty of perjury that on the 16th day of November, 2016, I did forward to Counsel Dustin E. "Dusty" Sharp, a true and exact copy of a letter .
And, that I did place this letter in a postage prepaid envelope sufficient for first class mail and deposited same in the U.S. Mail here at Turney Center Industrial Complex, 1499 R.W. Moore Memorial Highway, Only, Tennessee 37140.

Deangelo Moody

# Stokes Williams Sharp

——————————ATTORNEYS AT LAW——————————

## STOKES, WILLIAMS, SHARP, COPE & MANN, P.C.

Billy J. Stokes* **
Herbert B. Williams*
Ellis A. "Sandy" Sharp
Jon M. Cope**
Mary Jo Mann
Zachary B. Tenry
Dustin E. "Dusty" Sharp

920 Volunteer Landing Lane, Suite 100
Knoxville, Tennessee 37915
www.stokeswilliams.com

(865) 544-3833

Mailing:
P.O. Box 2644
Knoxville, TN 37901
Fax: (865) 544-1849
*Tennessee Supreme Court
Listed Mediator
**Of Counsel

November 29, 2016

Deangelo Moody 491480
T.C.I.X
1499 R.W. Memorial Hwy
Only, TN 37140

**Re: Appellate Argument & Status**

Dear Mr. Moody:

Thank you for your most recent letter. I apologize for the delay in my response. I did go argue on your behalf on November 8, 2016. The Judges seemed very engaged and had questions for both sides. It is tough to tell which way they are leaning but I certainly hope and pray we prevail.

It is important that I inform you going forward, win or lose, that I will not be able to remain on your case. With my new job I do not have the time to devote to another trial if we win or a Rule 11 appeal if we lose.

I have enclosed for you a copy of the Rule 11 appeal by permission from the Appellate Court to the Supreme Court. Please note that if you lose **the application for permission to appeal must be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Criminal Appeals.**

Mr. Moody please know that I did my best to put forward every good faith argument on your behalf that I felt gave us the best chance to win on this matter. I sincerely hope and pray that you get a new trial on this matter. I will be sure to check the TN administrative office of the courts website daily and provide you a copy of the ruling once it is posted.

Sincerely,

Dustin E. Sharp

Ex 12, pg 1 of 1 pg



Privileged Mail

Privileged Mail

U.S. District Court
801 Broadway, Room 800
Nashville TN 37203

RECEIVED
IN CLERK'S OFFICE

NOV 15 2017

U.S. DISTRICT COURT
MID. DIST. TENN.

Deangelo Moody
R. M. S. I. - #491480
7475 Cockrill Bend Blvd
Nashville TN 37209

Privileged Mail

Privileged Mail